UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LOUIS WILSON,

        Petitioner,        Case Number: 2:17-10220
                                  HON. GEORGE CARAM STEEH

v.

PEOPLE OF THE STATE OF
MICHIGAN,

        Respondent.
_____/

### OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

    Petitioner Terry Louis Wilson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner was convicted in Oakland County Circuit Court of malicious destruction of property, Mich. Comp. Laws § 750.377b, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d.  After serving ten months in jail, it appears that he was released on probation in February 2016.  The petition states that the judgment of sentence directed that Petitioner should be released to a treatment program after serving six months of a twelve month sentence, but he was instead forced to serve the entire sentence.  Petitioner has

failed to demonstrate that he exhausted state court remedies. Therefore, the Court dismisses the petition without prejudice.

## I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Petitioner fails to satisfy his burden of demonstrating exhaustion of state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). "Exhaustion requires 'fair presentation' of the federal claim 'to the state courts, including the state court of appeals and the state supreme court.'" *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015), *quoting Bray v.*

*Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner neither alleges nor establishes that he has sought any review of his convictions in the Michigan appellate courts. Petitioner should present his claims to the state courts in the first instance.

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not

debate the conclusion that Petitioner has not shown exhaustion of state court remedies. Therefore, the Court will deny a certificate of appealability.

### III.

For the foregoing reasons, the Court ORDERS the petition for a writ of habeas corpus DISMISSED WITHOUT PREJUDICE and DENIES a certificate of appealability.

SO ORDERED.

Dated: February 23, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 23, 2017, by electronic and/or ordinary mail and also on Terry Louis Wilson, P.O. Box 735, W. Huron Street, Pontiac, MI 48341.

s/Barbara Radke
Deputy Clerk